USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:     3/27/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

      -against-

PAI YANG,

                      Defendant.
-------------------------------------------------------X

18-CR-33 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendant Pai Yang, proceeding *pro se*, has moved this Court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and for appointment of counsel in relation to that motion. (ECF Nos. 73, 74.) The Government submitted a brief in opposition to Yang's motion for sentence reduction (ECF No. 76), to which Yang replied (ECF No. 77). For the reasons that follow, the motions are DENIED.

## BACKGROUND

    In November 2018, Yang pleaded guilty to one count of money laundering, based on attempted financial transactions with money he believed to be the proceeds of illegal narcotics trafficking. The following March, the Court sentenced Yang to seventy months' imprisonment and forfeiture of all funds held in four bank accounts he controlled, a money judgment of $35,000, and approximately $10,000 in seized currency. (ECF Nos. 56, 57.) Yang was designated first to Moshannon Valley Correctional Institution, where he recounts that he became very ill during a COVID-19 outbreak. (Mot. at 2, ECF No. 74.) He was later transferred to Federal Correctional Institution, McKean ("FCI McKean"), where he received the Johnson &

Johnson COVID-19 vaccine. (*Id.* at 17.) Yang's term of imprisonment is scheduled to end on September 26, 2022.[1]

Yang made a timely appeal to the Second Circuit, which affirmed his sentence in July 2021. (ECF No. 72.) Shortly thereafter, he submitted a request that the Warden of FCI McKean file a motion for compassionate release with this Court. (Mot. at 16.)[2] After thirty days without receiving a response from the Warden, Yang filed this motion for sentence modification. (*See id.* at 2.)

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP") or of the defendant. A defendant may make such a motion only after exhausting his or her administrative rights to appeal a failure by BOP to bring a motion for compassionate release on his or her behalf, or after thirty days have passed since the warden of the defendant's facility received a request for compassionate release from the defendant. *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a defendant's sentence if it both (1) finds that "extraordinary and compelling reasons warrant such a reduction," and (2) determines that a sentence reduction is consistent with the court's consideration of "the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The defendant has the burden to demonstrate his or her entitlement to a sentence reduction pursuant to section 3582(c)(1)(A). *See United States v. Osorio-Perez*, No.

---

[1] *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 26, 2022).

[2] In this opinion, the term "motion for compassionate release" is used to refer to a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

2

16-CR-826, 2021 WL 3473765, at *1 (S.D.N.Y. Aug. 6, 2021) (Swain, C.J.).  Because Yang is proceeding *pro se*, the Court construes his motion liberally, reading it to raise the strongest arguments that it suggests.  *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## DISCUSSION

### I. Extraordinary and Compelling Reasons

The threshold question presented by this motion is whether Yang has established the existence of extraordinary and compelling reasons justifying a sentence reduction.[3]  The Court may consider "the full slate of extraordinary and compelling reasons" an inmate presents.  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  Yang contends that the ongoing health threat posed by COVID-19, the prison conditions produced by responses to the COVID-19 pandemic and by the racial abuse Yang says he has experienced from fellow prisoners, and his post-sentencing rehabilitation are "extraordinary and compelling" justifications for a sentence reduction.  These arguments fail.

First, Yang has not demonstrated a heightened vulnerability to COVID-19, the critical factor in decisions finding that the threat of the pandemic constitutes an extraordinary and compelling reason to grant a sentence reduction.  *See United States v. Gibson*, No. 17CR06571JSARL, 2020 WL 7343802, at *3 (E.D.N.Y. Dec. 14, 2020) (collecting cases).  To the contrary, Yang states that he has been vaccinated against COVID-19, suggests that he was

---

[3] Administrative exhaustion is also a prerequisite to a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Because Yang filed this motion more than thirty days after the Warden of FCI McKean received his request for compassionate release, this requirement is not at issue, even though his motion does not include the list of reasons for his request that he provided to the Warden.  *See United States v. Delgado*, No. 19-CR-732, 2022 WL 252064, at *2 (S.D.N.Y. Jan. 27, 2022) (Wood, J.) (declining to impose an issue exhaustion requirement for motions for compassionate release).

previously infected with COVID-19 and recovered, and does not allege he has any conditions that would increase his risk of severe infection as an apparently healthy twenty-seven-year-old. (*See* Mot. at 3, 17.) Each of these circumstances has regularly been held to weigh against a finding of extraordinary and compelling reasons for a sentence reduction. *See United States v. Orlandez-Gamboa*, 99-CR-654, 2021 WL 2582077, at *3 (S.D.N.Y. June 23, 2021) (McMahon, J.) (vaccination); *United States v. Burman*, No. 16-CR-190, 2021 WL 681401, at *4–5 (S.D.N.Y. Feb. 21, 2021) (Gardephe, J.) (recovery from prior infection); *United States v. Mack*, 493 F. Supp. 3d 228, 230 (S.D.N.Y. 2020) (Wood, J.) (young inmate without risk factors). The Centers for Disease Control and Prevention ("CDC") states that current vaccines continue to protect against severe illness or death from the recently ascendant Omicron variant of COVID-19. *See Omicron Variant: What You Need to Know*, Ctrs. for Disease Control & Prev., https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last updated Feb. 2, 2022). The CDC also writes that, "[a]fter recovering from COVID-19, most individuals will have some protection from repeat infections." *Reinfections and COVID-19*, Ctrs. for Disease Control & Prev., https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Jan. 20, 2022). The risk to Yang is further mitigated by that fact that today—just as it was at the time that Yang filed his motion—no inmates at FCI McKean are reported to be ill with COVID-19. *See COVID-19 Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 26, 2022).

Second, Yang provides little reason to believe that the conditions at FCI McKean justify a reduction in his sentence. His brief references to frequent lockdowns and limited communication with his family are the type of "generalized statements about the conditions of confinement [that] do not constitute compelling reasons for compassionate release." *United*

4

*States v. Farmer*, No. 19-CR-427, 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) (Swain, C.J.). Moreover, courts have regularly denied similar motions for sentence reduction based on the conditions at FCI McKean during the COVID-19 pandemic. *See, e.g.*, *id.* (rejecting argument that harsh conditions at FCI McKean constitute extraordinary and compelling reasons for sentence reduction). The Court does not diminish the mental anguish that Yang says he has experienced due to "what he has perceived to be very un-friendly humor" based on his ethnicity. (Mot. at 13.) This alleged treatment by his fellow inmates cannot, however, be considered to be an extraordinary and compelling reason for a sentence reduction.

Third, Yang's evidence of rehabilitation while incarcerated is laudatory but still insufficient to meet his burden. The Court took into account at sentencing Yang's tutoring of fellow inmates and his exceptionally good behavior during pre-trial detention as mitigating circumstances in its consideration of the section 3553(a) factors, which led to a sentence at the bottom of the Sentencing Guidelines range. (*See* Sent. Tr. at 19:9–20:3, ECF No. 61.) Assisting in other inmates' educational activities and maintaining a record free of disciplinary infractions are not extraordinary and compelling reasons that would allow a court to grant a motion for compassionate release.

## II.    Section 3553(a) Factors

Because Yang has failed to establish extraordinary and compelling reasons for a sentence reduction—a necessary element—the Court's analysis could end here. *See Jones*, 17 F.4th at 374. But even if he had satisfied this threshold requirement, Yang has not shown that consideration of the sentencing factors listed in 18 U.S.C. § 3553(a) should weigh in favor of an early release. As the Court noted at sentencing, the nature of the offense was extraordinarily serious because of Yang's willingness to launder large amounts of money from drug sales as part of a far-reaching conspiracy. The Court balanced the gravity of the offense with Yang's personal

5

history and characteristics, which were mitigating factors.  Yang faced a difficult family situation during his youth, and yet managed to demonstrate a commitment to bettering himself and others.  (*See* Sent. Tr. at 19:4–14.)  Setting aside the offense conduct, he has been viewed as a model inmate, even amid the challenges of prison life during the COVID-19 pandemic.  (*See* Mot. at 37.)  The fact that Yang will be deported upon his release also limits the need for his sentence to deter Yang, specifically, and to protect the public from his future conduct.  Still, further reducing his bottom-of-the-Guidelines-range sentence would fail to reflect the seriousness of Yang's offense, to promote respect for the law, and to effectuate general deterrence of similar criminal conduct by others.  Even if Yang had established extraordinary and compelling reasons, his motion would be denied on the basis of the Court's consideration of the section 3553(a) factors.

## CONCLUSION

For the foregoing reasons, the motion for sentence reduction is DENIED.  The motion for appointment of counsel in connection with Yang's motion for sentence reduction is DENIED.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 73 and 74 and to mail a copy of this opinion to Yang.

SO ORDERED.

Dated:  New York, New York
        March 27, 2022

                                                            */s/ Kimba M. Wood*
                                                            KIMBA M. WOOD
                                                            United States District Judge